IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Christopher M. Stone, | Case No. 1:22cv383 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Bureau of Community Sanctions, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

*Pro se* Plaintiff Christopher M. Stone has filed an *in forma pauperis* prisoner civil rights complaint against the Ohio Department of Rehabilitation and Correction's Bureau of Community Sanctions (BCS). (Doc. No. 1.) Plaintiff's application to proceed *in forma pauperis* in the case (Doc. No. 2) is granted, but for the reasons stated below, his complaint is dismissed.

## Background

In his complaint, Plaintiff complains about being returned to the Richland Correctional Institution (RCI) after he was released to transitional control at Volunteers of America (VOA). He complains that prior to his release, "VOA was made aware" that he had medical issues (seizures and diabetes) that were not well controlled, but after he was transferred to VOA he was told the state was not going to pay for all of his prescriptions and medical bills. (*Id.* at 3-4.) He alleges he responded by stating: "if this is the case then I should not have been provided the opportunity to enter into [transitional control] simple as that." (*Id.* at 4.)

He further alleges that a case manager at VOA told him, "I will fight for you, if they try to send you back for medical issues," but complains "this was not the case" and that he was returned to

RCI without explanation. (*Id.*) Contending he was unlawfully returned to RCI due to his medical condition, he seeks compensatory and punitive damages and for "Defendant to openly admit through the means of written admission the wrong done unto [him]. . . ." (*Id.* at 12, ¶ 5.)

### Standard of Review

*Pro se* pleadings are liberally construed and held to a less stringent standards than pleadings drafted by lawyers, 404 U.S. 519, 520 (1972) (*per curiam*). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive a dismissal, a *pro se* "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471, quoting *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### Discussion

Upon review, the Court finds that Plaintiff's complaint must be dismissed.

First, Plaintiff's complaint on its face fails to state a plausible federal claim. To state a claim for a federal civil rights violation under 42 U.S.C. § 1983, a plaintiff must allege that a person acting

under color of state law deprived him of a right secured by the Constitution or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002).

Although Plaintiff generally asserts "discrimination" in his pleading (*see, e.g*, Doc. No. 1 at 6, 8), he does not identify any specific right secured by the Constitution of which he contends he was deprived by BCS, or any specific federal law he contends BCS violated. For this reason alone, his complaint fails to state a plausible federal civil rights claim upon which he may be granted relief. Federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), but the lenient treatment generally accorded *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiffs proceeding *pro se* must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf" or construct claims for them. *See Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001); *see also Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

Further, even if Plaintiff alleged a violation of a federal Constitutional right or law, the only Defendant he sues, BCS, is immune from his suit. BCS is a part of the Ohio Department of Rehabilitation and Correction ("ODRC"), and state agencies such as ODRC are immune from suit in federal court under the Eleventh Amendment unless the state has waived its sovereign immunity or Congress clearly abrogates the Eleventh Amendment in legislation designed to enforce the Fourteenth Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Rodgers v. Michigan Dept. of Corrections*, 29 Fed. Appx. 259, 260 (6th Cir. 2002).

Congress did not intend that § 1983 abrogate a state's Eleventh Amendment immunity, and the State of Ohio has not waived its immunity to suit in federal court; therefore, Plaintiff's complaint

is also subject to dismissal on the basis of immunity. *See Will*, 491 U.S. at 66-67; *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

## Conclusion

In accordance with the foregoing, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: 6/17/2022

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE